

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                    *(973) 645-2700*
*Newark, NJ 07102*

DCS/PL AGR
2017ROO288

March 21, 2019

John Yauch, Esq.
Federal Public Defender's Office
District of New Jersey
1002 Broad Street
Newark, NJ 07102

     Re:   <u>Plea Agreement with Joyce Marie Eliabachus</u> *Cr. 19-420(MCA)*
           a/k/a "Joyce Marie Gundran Manangan"

Dear Mr. Yauch:

    This letter sets forth the plea agreement between your client, Joyce Eliabachus, a/k/a "Joyce Marie Gundran Manangan" (hereafter, "Eliabachus"), and the United States Attorney for the District of New Jersey ("this Office")[1]. Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on March 25, 2019. If an executed agreement is not returned to this Office by that date, this offer will expire.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Joyce Eliabachus to a one-count Information (the "Information"), that charges conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), contrary to Title 50, United States Code, Sections 1702 and 1705, and Title 31, Code of Federal Regulations, Sections 560.203, 560.204, 560.205, and 560.208 in violation of Title 18, United States Code, Section 371. If Joyce Eliabachus enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Joyce Eliabachus for the conduct described in the Criminal Complaint, Mag. No. 18-3573 (MF), and the Information.

---

[1] This Plea agreement supercedes the Plea Agreement sent on March 15, 2019.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Joyce Eliabachus agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Joyce Eliabachus may be commenced against her, notwithstanding the expiration of the limitations period after Joyce Eliabachus signs the agreement.

Sentencing

The violations of 18 U.S.C. § 371 to which Joyce Eliabachus agrees to plead guilty carry a statutory maximum prison sentence of five (5) years, and a statutory maximum fine, per count, equal to the greatest of:  (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Joyce Eliabachus is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Joyce Eliabachus ultimately will receive.

Further, in addition to imposing any other penalty on Joyce Eliabachus, the sentencing judge:  (1) will order Joyce Eliabachus to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Joyce Eliabachus to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*; (3) may order Joyce Eliabachus, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, as described herein; and (5) pursuant to 18 U.S.C. § 3583, may require Joyce Eliabachus to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed.  Should Joyce Eliabachus be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Joyce Eliabachus may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

2

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Joyce Eliabachus by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Joyce Eliabachus's activities and relevant conduct with respect to this case.

Stipulations

This Office and Joyce Eliabachus agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Joyce Eliabachus from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Joyce Eliabachus waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Joyce Eliabachus agrees that as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), she will forfeit to the United States:

a. All of her right, title and interest in the contents of the TD Bank Account ending in 8843, held in the name of Edsun Equipments, which was seized on or about April 24, 2018

(the "Specific Property").  Joyce Eliabachus admits that the Specific Property has the requisite nexus to the conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), contrary to 50 U.S.C. § 1705, in violation of 18 U.S.C. § 371, and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Joyce Eliabachus agrees the Specific Property is subject to forfeiture as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 50 U.S.C. § 1705, or conspiracy to commit such offense, which constitutes a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7).

Joyce Eliabachus hereby consents to the entry of Preliminary Orders of Forfeiture and Interlocutory Orders of Sale as to the Specific Property pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure as the United States Attorney's Office may request.

Joyce Eliabachus waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Joyce Eliabachus consents to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing. Joyce Eliabachus understands that the forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  It is further understood that any forfeiture of Joyce Eliabachus's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.  Joyce Eliabachus hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Joyce Eliabachus represents that, to the best of her ability, she has disclosed all of her assets to the United States on the attached Financial Disclosure Statement.  Joyce Eliabachus agrees that if the government determines that she has intentionally failed to disclose assets on that Financial

Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Joyce Eliabachus consents to the administrative, civil, and/or criminal forfeiture of her interests in any assets that she failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Joyce Eliabachus knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets. Joyce Eliabachus further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Immigration Consequences

Joyce Eliabachus understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Joyce Eliabachus understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Joyce Eliabachus wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Joyce Eliabachus understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Joyce Eliabachus waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Joyce Eliabachus. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Joyce Eliabachus.

No provision of this agreement shall preclude Joyce Eliabachus from pursuing in an appropriate forum, when permitted by law, an appeal, collateral

attack, writ, or motion claiming that Joyce Eliabachus received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Joyce Eliabachus and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Dean C. Sovolos
Assistant U.S. Attorney

APPROVED:

Anthony Moscato
Co-Chief, National Security Unit

6

I have received this letter from my attorney, John Yauch, Esq.  I have read it, and/or it has been translated for me into my native language.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, forfeiture, sentencing, stipulations, waiver, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:   6/4/19
Joyce Eliabachus
Defendant

I have discussed with my client, Joyce Eliabachus, this plea agreement and all of its provisions, including those addressing the charges, forfeiture, sentencing, stipulations, waiver, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:   6/4/19
John Yauch, Esq.
Counsel for Defendant

Plea Agreement with Joyce Eliabachus

Schedule A

1. This Office and Joyce Eliabachus agree to stipulate to the following facts:

    a.  Joyce Eliabachus and her co-conspirators completed all the acts
        the conspirators believed necessary on their part for the successful
        completion of the substantive offense.

    b.  Joyce Eliabachus evaded export control laws and the offense
        involved a financial transaction with a country supporting
        international terrorism.

    c.  The substantive violations charged are the violations of Title 50,
        United States Code, Sections 1702 and 1705, and Title 31, Code of
        Federal Regulations, Sections 560.203, 560.204, 560.205, and
        560.208.

2. As of the date of this letter, Joyce Eliabachus has clearly demonstrated a
   recognition and affirmative acceptance of personal responsibility for the
   offense charged.

3. If the sentencing court accepts the factual stipulations set forth above,
   both parties waive the right to file an appeal, collateral attack, writ, or
   motion claiming that the sentencing court erred in doing so.

4. Both parties reserve the right to oppose or move to dismiss any appeal,
   collateral attack, writ, or motion barred by the preceding paragraph and
   to file or to oppose any appeal, collateral attack, writ or motion not
   barred by the preceding paragraph.

5. As of the date of this letter, Joyce Eliabachus has assisted authorities in
   the investigation or prosecution of her own misconduct by timely
   notifying authorities of her intention to enter a plea of guilty, thereby
   permitting the government to avoid preparing for trial and permitting the
   government and the court to allocate their resources efficiently. At
   sentencing, this Office will move for a further 1-point reduction in Joyce
   Eliabachus' offense level if the following conditions are met: (a) she enters
   a plea pursuant to this agreement, (b) this Office in its discretion
   determines that her acceptance of responsibility has continued through
   the date of sentencing and she therefore qualifies for a 2-point reduction
   for acceptance of responsibility, and (c) her offense level under the
   Guidelines before the operation of § 3E1.1(a) is 16 or greater.